**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

 **Plaintiff,**

vs                  Case No: 06-20185
                     Honorable Victoria A. Roberts

**ROY WEST,**

 **Defendant.**
_____/

## ORDER

### I.   BACKGROUND

This matter is before the Court on Defendant's Motion in Limine to Exclude Co-Conspirator Statements Not Made in the Course of and in Furtherance of the Alleged Conspiracy. (Doc. # 463) Roy West joins in this motion, filed by Marcus Freeman. (Doc. # 473) The Motion is **DENIED.**

Using a Title III wiretap, the Government intercepted telephone conversations, between Roy West and other individuals, that it intends to introduce as evidence against him at trial. The motion seeks exclusion of eight call sessions: RW 11278, RW 11279, RW 11285, RW 11288, RW 11423, RW 11628, RW Milan Calls, and MB Milan Call 1.

In its response, the Government agrees not to play RW 11288, 11628 and RW Milan Calls 2 and 3. On October 18, 2010 the Court held an *Enright* hearing, *see United States v. Enright*, 579 F.2d 980 (1978), and found that the Government proved, by a preponderance of the evidence, the existence of a conspiracy between Defendants to

1

murder Leonard Day for hire, and that West was a member of the conspiracy. The Government indicates that it no longer intends to play RW 11279. In its Order regarding Roy West's Motion in Limine, the Court dealt with the admissibility of West's Milan call. Thus, the remaining calls at issue are: RW 11278, RW 11285, RW 11423, and MB Milan Call 1.

## II. ARGUMENTS AND ANALYSIS

West argues that the statements contained in the contested recordings constitute inadmissible hearsay. He contends that Fed. R. Evid. 801(d)(2)(E) does not exclude these statements from the definition of hearsay under the so-called "coconspirator exception," because the alleged conspiracy had ended by the time the statements were made, and they were not intended to further the conspiracy. (Doc. # 463, pp. 4-5) The Government argues that the statements contained in RW calls 11278, 11285 and 11423 are admissions against him under Fed. R. Evid. 801(d)(2)(A). (Doc. # 486, p. 13) It states further that Michael Bracey's conversation, while he was detained at Milan Detention Center, with an unidentified speaker, is admissible to establish Bracey's identity.

### 1. RW 11278

In this conversation, on December 20, 2005 at 6:31 pm, West is speaking to Bracey. Just minutes prior to this conversation, West received a phone call from Marcus Freeman and Christopher Scott that the Government intends to play at trial. During that conversation, Freeman sang, "We get rich, Ohio," and stated that "the situation is over with." (Doc. # 486, Exh. E) That call occurred around the same time that Day was fatally

shot.

In RW 11278, West tells Bracey, "they say dude up out of here," and that "they" just called him. Bracey responds, "Oh, okay." West says, "That s**t crazy, Ain't it?" Bracey says, "Yup. For sure. That's what's up, though." (*Id.*) The Government argues that this conversation is admissible as an admission against West under Rule 801 (d)(2)(A) because it is his own statement. (Doc. # 486, p. 13)

West's statements, particularly, "they say dude is up out of here," are admissible against him as an admission by party opponent. Under Fed. R. Evid. 801(d)(2)(A), a statement is not hearsay if the statement is offered against a party and is "the party's own statement...." See *United States v. Payne*, 437 F.3d 540, 547 (6th Cir. 2006). Bracey's statements are admissible as non-hearsay because they are not offered for the truth, but rather to give context to West's statements. *See, e.g., United States v. McDonald*, 1999 WL 149658, *9 (6th Cir. 1999). "Therefore, it [is] not hearsay because it [is] not 'offered into evidence to prove the truth of the matter asserted,' under Federal Rule of Evidence 801(c)." *Id.* The admission of statements not offered for their truth does not violate the hearsay rule, and the coconspirator exception need not be applied. *See United States v. Johnson*, 71 F.3d 539, 543 (6th Cir. 1995).

   2.   **RW 11285**

In this conversation, on December 20, 2005 at 6:36 pm, Roy West is speaking to Alseddrick West. In relevant part, Roy West tells Alseddrick West, "somebody done murdered...Buck." Alseddrick West eventually states that Buck, or Day, "got what he had coming to him." Roy West then says, "Hell yeah."

Alseddrick West indicated at the *Enright* hearing that he objects to the admission

3

of this conversation as well. Roy and Alseddrick West argue that the conversation constitutes inadmissible hearsay and that the statements made were not in furtherance of the conspiracy. The Government responds that Roy and Alseddrick West were both parties to the conversation, therefore the statements are admissions against them both.

Roy West's statement that somebody murdered Day, if in fact offered to prove the truth of the matter asserted, is an admission by party opponent, as it is offered against him and he is the declarant. *See Payne*, 437 F.3d at 547. However, the statement is also admissible against Alseddrick West, and the Government need not rely on the statement as an admission to use it against Roy West. The statement's probative value at trial derives from the fact that it was made, and not from the truth of what was said. Roy West's acknowledgment of Day's death shows that he was aware of the death. *See, e.g., Johnson*, 71 F.3d at 543 (6th Cir. 1995) (statement offered to show defendant's knowledge admissible as non-hearsay). This call was made shortly after Day's murder and immediately after Freeman called Day telling him "the situation is over with," and after Roy West called Bracey, telling him, "dude is up out of here." Further, the fact that Roy West called Alseddrick West to tell him that Day was dead "is probative circumstantial evidence of [Alseddrick West's] involvement in a conspiracy to [murder Day]." *United States v. Rodriguez*, 565 F.3d 312, 315 (6th Cir. 2009).

Alseddrick West's statement, "Got what he had comin' to him V," is also admissible as non-hearsay. Again, this statement is not offered to prove that Day, in fact, got what he had coming to him. Instead, the statement shows Alseddrick West's state of mind. Roy West's response in agreement is probative evidence of his state of mind. "To be sure, the government seeks to introduce the [statement] because [it]

4

supports an inference that [Defendants were] involved in [the conspiracy.] This inference, however, does not depend on the callers' truthfulness, memory, or perception-the core credibility concerns that lie behind the hearsay rule." *Id.* (citing *Williamson v. United States*, 512 U.S. 594, 598 (1994)).

   3. **RW 11423**

Roy West's conversation with an unidentified speaker on December 21, 2005 wherein West tells the speaker that somebody killed Day and that you "can't do dirt, you get dirt," is admissible against West. These statements are not probative because of the truth of what was said, but because they suggest that West anticipated that Day would be killed or thought that Day deserved to be killed. Of course, if offered to prove the truth of what was said, West's own statements are admissions against him. FED. R. EVID. 801 (d)(2)(A).

   4. **MB Milan Call 1**

In this conversation, which takes place in November 2009, Bracey, then incarcerated at Milan Detention Center, speaks to an unidentified speaker, spells out his first and last name and engages in chitchat. West argues that the conspiracy had ended by this time and that nothing said was intended to further the conspiracy, making the conversation inadmissible hearsay.

The Government's response is that it does not intend to use the conversations to prove the truth of the matter asserted. Instead, the conversation is relevant to establish Bracey's identity. Because this conversation is not being offered for the truth of the matter asserted, it is admissible and the Court need not consider the applicability of the

5

coconspirator exception to the hearsay rule. *See Johnson*, 71 F.3d at 543.

### III. CONCLUSION

For the reasons stated, Marcus Freeman's motion as it pertains to Roy West is **DENIED.**

                                       /s/ Victoria A. Roberts
                                       Victoria A. Roberts
                                       United States District Judge

Dated: October 22, 2010

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on October 22, 2010.
>
> s/Linda Vertriest
> Deputy Clerk