**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

          **Plaintiff(s),**          **CASE NUMBER: 06-20185
HONORABLE VICTORIA A. ROBERTS**

**v.**

**ROY WEST ET AL.,**

          **Defendant(s).**
                                                  /

**ORDER**

This matter is before the court on Alseddrick West's Motion for Reconsideration of Court's Order on the Admissibility of Day's Criminal Past [Doc. 513] in Light of New Evidence the Government Intends to Introduce at Trial. (Doc. #523). Roy West joins in Alseddrick West's motion.

According to E.D.Mich. LCrR 12.1, motions in criminal cases must be filed in accordance with the procedures set out in E.D.Mich. LR 7.1. Accordingly, this Court treats "a motion which asks a court to vacate and reconsider, or even to reverse its prior holding" as a Fed. R. Civ. P. 59 (e) motion to alter and amend judgment. *See Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979). A court may grant reconsideration under Rule 59 "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp., Inc. v. Amer. Intern. Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations and quotation marks omitted).

Defendants contend that there is newly discovered evidence which requires this

1

Court to reconsider its October 4, 2010 Order holding that Defendants are not permitted to introduce evidence that there was a warrant out for Leonard Day's arrest for allegedly murdering two people and attempting to murder a third person, before he was killed. They state that the Government recently identified Alseddrick West as the "unidentified male" in Roy West call number 11285. (Doc. # 523, p. 2) In that call, Roy West tells Alseddrick West, shortly after Day was fatally shot, that "somebody done murdered...Buck." Alseddrick West responds, in relevant part, "Got what he had comin' to him V."

Defendants believe that the Government will argue that Alseddrick West's statement that Day got what he had coming, meant that West believed that Day deserved to be killed for stealing money and jewelry from Day. (*Id.*) Defendants contend that if the Government is permitted to play this recording, which now identifies Alseddrick West as a speaker, they should be permitted to introduce evidence of Day's prior bad acts because West's statement "was just as logically related to Alseddrick's knowledge that Day had recently killed two people and injured a third." (*Id.*)

The Government responds that the prejudicial impact of Day's specific instances of bad conduct precludes the admissibility of this evidence. (Doc. # 525, p. 2) The Court agrees with the Government that the prejudice of introducing these specific instances of Day's alleged prior bad acts outweighs any probative value to Defendants, even in light of the Government's new evidence against Alseddrick West. *See* FED. R. EVID. 403. The Court notes that Defendants will not be precluded from introducing evidence that they believed Day was a dangerous person, or that he was wanted by police for committing serious crimes. Thus, Defendants will still be able to make the arguments they seek to

make through the admission of this evidence even without it.

Defendants' Motion for Reconsideration is **DENIED.**

                                                    s/Victoria A. Roberts
                                                    Victoria A. Roberts
                                                    United States District Judge

Dated: October 22, 2010

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on October 22, 2010.
>
> s/Linda Vertriest
> Deputy Clerk