UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff(s),**         **CASE NUMBER: 06-20185**
                                            **HONORABLE VICTORIA A. ROBERTS**

**v.**

**ROY WEST ET AL.,**

        **Defendant(s).**
                                               /

## ORDER

This matter is before the Court on four Motions in Limine filed by the Government. (Doc. #s 578, 579, 580, 581). Defendant Roy West responded and Defendant Christopher Scott joined in West's response. (Doc. #s 582, 586). The Goverment asks the Court to preclude the Defendants from (1) communicating to the jury that Leonard Day was wanted for murder, (Doc. # 578) (2) presenting third party culpability evidence, (Doc. # 579) and (3) introducing hearsay statements that Day attempted to obtain a firearm and may have retaliated against the C-Note robber, (Doc. # 581) and to permit the introduction of evidence that West was informed on December 18, 2005 that Marcus Freeman was wanted for murder. (Doc. # 580).

The Court already ruled on these issues in a prior order and/or during Marcus Freeman's trial and/or Roy West's first trial. The Court finds that its rulings with respect to the admissibility of evidence that Day was wanted by police for allegedly committing serious crimes, that Day was attacked at the C-Note Lounge three days prior to his

1

murder, and that West was informed that Freeman was wanted for murder, should stand.  The law of the case controls.  *United States v. Todd*, 920 F.2d 399, 404 (6th Cir. 1990) (noting that the "law-of-the-case doctrine" can be applied to rulings made in a case that results in mistrial, allowing the court to "recognize and enforce prior rulings.").

However, the Court agrees with the Government that Cornelius's statement to West, after the murder, that Day must have tried to retaliate against the C-Note Lounge robber because Day tried to get a gun, is inadmissible because it is based on hearsay and is pure speculation.  Cornelius's statement that Day tried to get a gun is not based on personal knowledge, but on a conversation he had with Leonard Day's brother, Lamar Day, during which Lamar told Cornelius that Leonard Day tried to get a gun from him after the C-Note Lounge robbery.  Evidence not based on personal knowledge is inadmissible.  FED. R. EVID. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.").  This statement is also hearsay; its relevance lies in its truth, and it does not fall into any of the exceptions to the hearsay rule.  FED. R. EVID. 801(c) ("'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered n evidence to prove the truth on the matter asserted.").  Further, Cornelius's statement that Day "must have tried to retaliate" against the C-Note Lounge robber is not based on personal knowledge.  It is clear from the words used that Cornelius was only speculating as to how Day was killed.  Evidence based on speculation is also inadmissible.  FED. R. EVID. 602.

Accordingly, the Government's motions to exclude evidence that Day was wanted for committing serious crimes (Doc. # 578) and was attacked and robbed at the

C-Note Lounge three days prior to his murder, (Doc. # 579) and to introduce evidence that Freeman was wanted for murder, (Doc. # 580) are **DENIED.** The Government's motion to exclude evidence that Day attempted to obtain a firearm after the C-Note Lounge robbery and may have tried to retaliate against the robber is **GRANTED.**

**IT IS ORDERED.**

                                              S/Victoria A. Roberts
                                              Victoria A. Roberts
                                              United States District Judge

Dated: March 31, 2011

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 31, 2011.
>
> s/Carol A. Pinegar
> Deputy Clerk