UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        CASE NUMBER: 06-20185
                                   HONORABLE VICTORIA A. ROBERTS

v.

CHRISTOPHER BRANDON SCOTT,

        Defendant.
_____/

### ORDER DENYING DEFENDANT'S MOTION IN LIMINE
### TO REQUIRE GOVERNMENT'S PROPOSED EXHIBITS TO BE REDACTED

**I.    INTRODUCTION**

This matter is before the Court on Defendant Christopher Scott's Motion In Limine to Require Government's Proposed Exhibits to be Redacted. (Doc. # 650). The Court **DENIES** Defendant's motion.

**II.    BACKGROUND**

Scott is charged with conspiring to commit murder-for-hire. Much of the Government's evidence will consist of tape recorded phone conversations among alleged conspiracy members discussing the alleged agreement. Scott asks the Court to require the Government to redact the portions of its transcripts of these calls naming him as speaker and to instead identify the speaker as "Unknown Male." (Doc. # 650). Scott denies that he is a speaker on these recordings. He says the Government's transcripts impermissibly shift the burden of proof from the prosecutor to him and take a fact question from the jury, violating his Constitutional rights to due process and trial by

1

jury. (*See id.*; Doc. # 653).

The Government says it will present "abundant foundation" for its belief that Scott is one of the speakers, that is, for its version of the transcripts, including the testimony of several witnesses who will identify Scott's voice on the recordings as well as "other circumstantial evidence." (Doc. # 651 at 7). The Government emphasizes that Scott can cross-examine these witnesses and argue to the jury that he is not a speaker.

### III.  ANALYSIS

"The need for a transcript tends to arise where [ ] portions of a tape [are] relatively inaudible and the identity of speakers [is] not automatically clear to a listener." *United States v. Slade*, 627 F.2d 293, 302 (D.C. Cir. 1980).  The Court has discretion to allow the Government to present transcripts of tape recordings as an aid to the jury so long as certain procedures are followed to determine accuracy.  *See United States v. Segines*, 17 F.3d 847, 854 (6th Cir. 1994).

In *United States v. Robinson*, the Sixth Circuit enumerated a non-exhaustive list of procedures for district courts to employ to safeguard the reliability of transcripts:

> "The ideal procedure for testing accuracy is to have the prosecution and defense attorneys stipulate to a transcript."... If there is a dispute concerning the contents of the tape, "the second best method is for the trial court to make a pretrial determination of accuracy by reading the transcript against the tapes." ... The third and least preferred method is to present two transcripts to the jury, one of which contains the government's version and the other the defense's version.

707 F.2d 872, 876 (6th Cir. 1983) (citing *Slade*, 627 F.2d at 302).  The *Robinson* court also condoned the Eight Circuit's approach: "When the accuracy of the transcript is disputed, a foundation should be laid by having the person who prepared the transcript testify that he or she has listened to the recordings and accurately transcribed their

contents." *Id.* at 877 (citing *United States v. McMillan*, 508 F.2d 101, 105 (8th Cir. 1974)); *see also United States v. West*, 948 F.2d 1042, 1044 (6th Cir. 1991); *United States v. Hughes*, 895 F.2d 1135, 1147 n. 22 (6th Cir. 1990).

Scott concedes that here, where the dispute centers around the identity of a speaker and not the content of what was said, the Court cannot make a pretrial determination of, and the transcriber cannot testify to, the accuracy of the transcripts; this determination must be made by the jury. Instead, the proper course is to allow the Government to lay the foundation for its identification of Scott as a speaker in the transcripts by presenting witnesses to identify his voice on the tapes. Scott will have an opportunity to cross-examine these witnesses and argue to the jury that the Government misidentifies him on the tapes and in the transcripts. This Court cannot preclude the Government from presenting its theory of the case, supported by its evidence, any more than it can prevent Defendant from presenting evidence that the recordings contain someone else's voice.

Scott's ability to cross-examine Government witnesses eliminates the risk of prejudice resulting from the Government's identification of him as a speaker in the transcripts. *See, e.g.*, *United States v. Crane*, 632 F.2d 663, 664-65 (6th Cir. 1980) (per curiam) ("As to the argument concerning the identification of Crane as the second speaker in the body of the transcript and in the cover letters, we think the District Court reached the proper conclusion when it reasoned that since agent Merryman, who identified Crane's voice as the party on the tapes both when he called the garage and later when he met with Crane, was available for cross-examination, defendant should not be heard to complain."); *United States v. Hogan*, 402 Fed.Appx. 54, 61 (6th Cir.

3

2010) ("Neither did Defendant suffer prejudice from the transcript's identification of [him] as one of the speakers. Agent Pierce identified Defendant's voice as a speaker on the recording, and Agent Pierce was available for cross-examination on this point."); *United States v. Ford*, 187 Fed.Appx. 496, 500-01 (6th Cir. 2006) ("The defendant also challenges the transcript on the ground that it identified him as one of the speakers in the recorded conversations. Taylor and Officer Matheson both testified regarding their knowledge that Ford was, in fact, one of the speakers. Their availability for cross-examination negates any prejudice to Ford."), *rev'd on other grounds as stated in United States v. Kitchen*, 428 Fed.Appx. 593, 599 (6th Cir. 2011).

Moreover, the Court will instruct the jury that the transcripts are not evidence; the transcripts are to be used only as an interpretive aid; and the jury's belief as to the identity of speakers in, and content of, the recordings--irrespective of what the transcripts say--controls. *See Segines*, 17 F.3d at 854 ("As is required whenever a transcript is used and there is no stipulation as to its accuracy, the trial court here gave a cautionary instruction to the jury regarding the limited use to be made of the transcript."); *accord Slade*, 627 F.2d at 302.

This instruction will further negate any prejudice. It will ensure that the jurors understand that their role is to find the facts; that they are to be the judges of whether the transcripts accurately reflect what is on the recordings; and that they must not accept the Government's version of events without weighing the evidence and drawing their own, independent conclusion. Thus, the Court will instruct the jurors not to do what Scott fears they will do--unquestioningly accept the transcripts as fact.

Nor will the burden of proof impermissibly shift to Scott. The Court will instruct

4

the jurors on burden of proof and inform them that it remains at all times with the Government. There is a well-established presumption that jurors follow their instructions. *See Cyars v. Hofbauer*, 383 F.3d 485, 493 (6th Cir. 2004) (citing *Penry v. Johnson*, 532 U.S. 782, 799 (2001)). This presumption is only overcome when there is a "'strong likelihood that the effect of the evidence would be devastating to the defendant' and [ ] an 'overwhelming probability that the jury will be unable to follow the court's instructions.'" *Washington v. Hofbauer*, 228 F.3d 689, 706 (6th Cir. 2000) (quoting *United States v. Ford*, 872 F.2d 1231, 1239 (6th Cir. 1989)). Scott does not establish that the effect of the transcripts (which, again, are not evidence) will be devastating or that the jury will be unable to heed this Court's jury instructions.

## IV. CONCLUSION

The Government's transcripts identifying Scott as one of the speakers in several taped phone conversations do not violate his Fifth and Sixth Amendment rights to due process and trial by jury.

The Court **DENIES** Defendant's motion.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: October 14, 2011

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on October 14, 2011.

S/Linda Vertriest
Deputy Clerk