UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

vs                                    Case No: 06-20185
                                        Honorable Victoria A. Roberts

CHRISTOPHER SCOTT,

     Defendant.

_____/

## ORDER

## I.    INTRODUCTION

This matter is before the Court on Defendant Christopher Scott's Second Amended Motion for Review of Magistrate's Pretrial Detention Order and Motion for Pretrial Release with Reasonable Conditions (Doc. 696). The Government filed a response in opposition to Defendant's motion (Doc. 697).

Hearing is scheduled for April 6, 2012, at 9:30 a.m.

Defendant's motion should be **DENIED**.

## II.    BACKGROUND

Scott is charged with conspiracy to use interstate facilities in the commission of a murder for hire, in violation of 18 U.S.C. § 1958.

This case arises out of the murder-for-hire of Leonard Jerrard Day. According to the Indictment, Day stole $100,000 in cash, $250,000 in jewelry, and a .40 caliber pistol from the home of Roy West in Ohio. Day then fled to Detroit.

1

After discovering the theft, West allegedly recruited several individuals, including Christopher Scott, to search for Day in Detroit and to kill him.

On December 20, 2005, Day was shot to death in front of a house in Detroit. The Government says that Christopher Scott, along with co-defendant Marcus Freeman, were the triggermen.

On June 18, 2010, Scott was arrested for this case. On June 21, 2010, a detention hearing was held by Magistrate Judge Donald A. Scheer. In denying pretrial release, the Magistrate found:

- Defendant has four felony convictions (three for drugs and one for firearms), two misdemeanor convictions, two failures to appear, and two probation violations;

- Defendant is "unworthy of trust"; He and his wife denied to pretrial services that they lived together, but he later recanted. He is either transient, or they both lied to pretrial services;

- The nature of the offense is very serious, and defendant's criminal history reflects no respect for law or court orders.

On October 17, 2011, a jury trial began. The trial ended on November 1, 2011, with a hung jury. Seven jurors of the twelve voted to convict.

Defendant has remained incarcerated since the mistrial. He now moves for release.

## III.   ANALYSIS

A defendant may ask the district court to conduct a review of a magistrate judge's pretrial detention order. 18 U.S.C. § 3145(b). In performing the review, the court must

2

consider the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

> (2) the weight of the evidence against the person;

> (3) the history and characteristics of the person, including--

>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

18 U.S.C § 3142(g).

A defendant may be detained pending trial only if a judicial officer "finds that no condition or combination of condition will reasonably assure the appearance of the person as required and the safety of any other person and the community." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (quoting 18 U.S.C. § 3142(e)). A finding of dangerous must be supported by clear and convincing evidence. *Id.* "The default position of the law, therefore, is that a defendant should be released pending

trial." *Id.*

### A.     The Nature and Circumstances of the Offense Charged

The indictment charges conspiracy to use interstate facilities in the commission of a murder for hire, in violation of 18 U.S.C. § 1958.  Mr. Scott is charged with a crime of violence involving a firearm.  Moreover, the Government alleges that Mr. Scott was one of two triggermen.  These are serious charges.

Mr. Scott says that the fact that the victim was wanted for two murders at the time he was killed is a relevant circumstance that "give[s] rise to a strong possibility that other people may have killed the victim in retaliation for those murders."  The Court is not convinced.  The Indictment itself establishes probable cause that Mr. Scott committed this crime of violence.  *Stone*, 608 F.3d at 945.  The Government has met its burden that he poses a danger to the community.

### B.     Weight of the Evidence

Defendant says that the hung jury in the earlier trial indicates that the weight of the evidence is not in the Government's favor.  However, seven of the twelve jurors in that trial voted to convict.

In addition, the relevant inquiry "goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt."  *Stone*, 608 F.3d at 948.  Section 3142(g) "'neither requires nor permits a pretrial determination of guilt.'" *Id.* (quoting *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991)).

Defendant has significant prior contact with the criminal justice system -- including drug and gun felony convictions -- and he admitted at his previous trial that his

4

business is drug trafficking.  The Government claims he is on tape jubilantly singing "we get rich, Ohio" to announce Day's murder.

The weight of the evidence is in favor of a finding of dangerousness.

### C.    This History and Characteristics of the Defendant

Mr. Scott has a lengthy criminal history.  He has four felony convictions -- three for cocaine possession, and one for carrying a concealed weapon.  One of the felony drug convictions was as recent as January 15, 2010.  Mr. Scott was on probation at the time of his arrest in this case.  In addition, he has two failures to appear and two probation violations.  The Magistrate found that Mr. Scott's criminal history "reflects no respect for the law or court orders."

Mr. Scott also says that he has a stable home with his wife in Harrison Township, Michigan, and that he would live there if released.  However, Mr. Scott previously told pretrial services that he was separated from his wife; later, he and his wife recanted and said they lived together.  This caused the Magistrate to find them "unworthy of trust." The Government argues that "they either lied to the pretrial services officer when they claimed that defendant's residence was transient and that they were separated, or they are lying now when they claim they were always together."  The Government notes that Mr. Scott's name is not on the title of the house that he claims to own in Harrison Township, and that "defendant's wife was probably acting as his nominee, a situation that is common among drug traffickers who want to hide their ill-gotten income."

Mr. Scott says that he owns two corporations -- C&J Enterprises and 76" ENT -- and that he could resume work upon release.  The first corporation is said to involve property management and home improvements; the second is said to involve musical

5

production.  The Government says it performed a public records search, and that no such companies owned by Mr. Scott exist.  Further, Mr. Scott did not identify these companies to pretrial services in June 2010.

The Government also claims that the fact that he was on probation when arrested, his two previous failures to appear, and his criminal history evince no respect for the law, and render him a significant flight risk.

Defendant's history and characteristics weigh in favor of detention.

### D.    The Nature and Seriousness of the Danger to the Community

Mr. Scott's multiple convictions for drugs and guns, and his demonstrated disrespect for the law, show that he is a danger to the community.  The Court finds that no set of conditions will reasonably assure his appearance at trial and the safety of the community.

## IV.    CONCLUSION

For these reasons, Defendant's motion for review of the Magistrate's pretrial detention order, and for pretrial release, should be **DENIED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  March 29, 2012

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 29, 2012.<br><br>S/Linda Vertriest<br>Deputy Clerk |

6