UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                   CASE NUMBER: 06-20185
                                        HONORABLE VICTORIA A. ROBERTS

v.

CHRISTOPHER BRANDON SCOTT,

        Defendant.
_____/

## ORDER GRANTING MOTION FOR NEW TRIAL (DOC. # 742) AND MOOTING MOTION TO ADJOURN DECISION (DOC. # 754)

      A jury found Christopher Scott guilty of Conspiracy to Use Interstate Commerce Facilities in the Commission of Murder for Hire of Leonard Day, in violation of 18 U.S.C. 1958.  Scott filed a motion for a new trial; he contends that he possesses newly discovered evidence and his counsel was ineffective.

      That motion remains pending, and is the subject of this Order.  On September 13, 2013, the Sixth Circuit reversed the conviction of Scott's alleged co-conspirator, Marcus Lamont Freeman.  The Court of Appeals held that this Court erred in allowing the lay testimony of Agent Lucas.  *United States v. Freeman*, No. 11-1798, 2013 U.S. App. LEXIS 18976 (6th Cir. Mich. 2013).

      Following that decision, Scott filed a motion to adjourn decision on his motion for new trial, arguing that he was on the brink of discovering additional new evidence.  Also, Scott moved to supplement his arguments in light of the *Freeman* decision; Scott says

1

that because Agent Lucas offered similar lay testimony during his trial, his conviction, too, should be vacated.

Scott reads *Freeman* to preclude the introduction of Agent Lucas's lay opinions/testimony, as well as his testimony identifying Scott's voice. The *Freeman* decison, however, does not address voice authentication.

Agent Lucas's substantive testimony is more problematic. Scott argues that even if the recordings are admissible, he is entitled to a new trial because Agent Lucas's lay testimony is inadmissible. The Government says that *Freeman* does not warrant vacating Scott's guilty verdict because: (1) only portions of Agent Lucas's lay testimony would be precluded and (2) substantial evidence supports Scott's conviction.

The Court is not persuaded by the Government's first argument. "Indeed, at [the *Freeman*] oral argument, the government conceded that Agent Lucas lacked the first-hand knowledge required to lay a sufficient foundation for his testimony under Rule 701(a)." *Id.* at *15.

Under Rule 701 "[i]f a witness's testimony fails to meet any one the three foundational requirements, the testimony is not permissible." *Id.* at *12 (citing Fed. R. Evid. 701)). Finding that a proper foundation was not laid, the *Freeman* court precluded all of Agent Lucas's lay testimony: "We conclude that here the prosecution did not establish a proper foundation for Agent Lucas's testimony under Rule 701." *Id.* at *13.

The Sixth Circuit explained that Agent Lucas's lay testimony was not based on "specific personal experiences[,]" rather "general knowledge of the FBI investigation as a whole." *Id.* at *14. Further, the Sixth Circuit held that Agent Lucas's testimony fell in the trap of wasting time because "[h]is testimony consisted of many opinions and

conclusions the jury was well equipped to draw on their own." *Id.* at *18.  The same lay testimony -- without proper foundation -- was admitted during Scott's trial; this was error.

Secondly, the Government argues that any error in admitting Agent Lucas's testimony is harmless because there was substantial evidence to convict Scott.

An error is harmless if "it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained."  *Freeman*, 2013 U.S. App. LEXIS 18976 at *22.

The Court disagrees that the admission of Lucas's testimony was harmless. Scott's first trial resulted in a mistrial.  In his second trial, absent Agent Lucas's lay testimony, the jury was left with the testimony of a co-conspirator who received a benefit.  Agent Lucas even testified that Michael Bracey told multiple stories which did not support the Government's version of events until Bracey received a benefit.

Further, the *Freeman* Court "emphasiz[ed its] concern" that a jury may have been unduly persuaded by Agent Lucas's position as an FBI agent.  *Id.* at *20.  This error was not harmless.

Scott's motion to supplement his motion for a new trial is **GRANTED**.  Because the *Freeman* holding impacts Scott's verdict, his guilty verdict is vacated.

The Court need not determine whether Scott's other evidence meets the threshold.  Scott's motion to adjourn decision is **MOOT**.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: October 28, 2013

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on October 28, 2013.

S/Linda Vertriest
Deputy Clerk