UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        CASE NUMBER: 06-20185
                                         HONORABLE VICTORIA A. ROBERTS

v.

CHRISTOPHER BRANDON SCOTT,

        Defendant.
_____/

**ORDER DENYING GOVERNMENT'S MOTION**
**FOR RECONSIDERATION (DOC. #761)**

On October 28, 2013, the Court entered an Order granting Christopher Brandon Scott's motion for a new trial, concluding that the admission of Agent Lucas's lay testimony was error and not harmless. In its Motion for Reconsideration, the Government claims that the Court: (1) did not have the authority to grant Scott's motion because Scott's prevailing argument was untimely, and (2) erred when applying the "beyond a reasonable doubt" standard of harmless error to an evidentiary challenge.

The Court **DENIES** the Government's motion.

A Court can grant a motion for reconsideration if it is demonstrated that a palpable defect misled the Court in its ruling, correction of which would result in a different disposition. E.D. Mich. LR 7.1(h)(3); *see* E.D. Mich. LCrR 12.1(a) (providing that criminal motions are governed by Local Rule 7.1).

"It is an exception to the norm for the Court to grant a motion for

reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010). "[A]bsent a significant error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already decided." *Id.* Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002).

Importantly, a party may not raise new arguments -- for the first time -- in a motion for reconsideration:

> It is well-settled that parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." Roger Miller Music, Inc. v. Sony/ATV Publ'g., 477 F.3d 383, 395 (6th Cir. 2007). Additionally, reconsideration motions cannot be used as "an opportunity to re-argue a case. Furthermore, a party may not introduce evidence for the first time in a motion for reconsideration where that evidence could have been presented earlier.

*Shah v. NXP Semiconductors USA, Inc.*, 507 Fed. Appx. 483, 495 (6th Cir. 2012). Neither argument in this motion for reconsideration was presented in the Government's Response to Scott's motion for new trial.

In response to Scott's Motion to Adjourn Motion for New Trial, the Government substantively addressed Scott's arguments that Agent Lucas's testimony was prejudicial; and, the Government did not argue untimeliness. Fifteen pages of the Government's twenty-three page brief were devoted to Agent Lucas' testimony and the *United States v. Freeman,* 730 F.3d 590 (6th Cir. 2013) decision. In *Freeman*, a companion case to this one, the Court of Appeals held that this Court erred in allowing the lay testimony of Agent Lucas. In responding to Scott's motion to adjourn, the

Government argued the *Freeman* court did not preclude *all* of Agent Lucas's *lay* testimony, only *some* of his *opinion lay* testimony. Paragraph by paragraph, the Government explained which portions of Agent Lucas's testimony supported Scott's conviction. Not once did the Government argue that the Court should not make a decision on the merits, or that Scott's motion was untimely.

The Court considers the Government's argument made now in this motion for reconsideration, to be waived. *Eberhart v. United States*, 546 U.S. 12, 126 S. Ct. 403, 406-07, 163 L. Ed. 2d 14 (2005) (per curiam)(Federal Rules of Criminal Procedure 33 and 45(b)(2) are claim-processing rules, and "where the Government failed to raise a defense of untimeliness until after the District Court had reached the merits, it forfeited that defense."); see also *Nat'l Ecological Found. v. Alexander*, 496 F.3d 466 (6th Cir.2007)(Rule 6 is an affirmative defense to untimely filings, but the defense may be forfeited if not timely raised); *Hashemian v. Louisville Reg'l Airport Auth.*, Case No. 3:09-CV-951-R, 2013 U.S. Dist. LEXIS 106951 (W.D. Ky. July 30, 2013)(unpublished)(finding that the timeliness of a motion is a waivable affirmative defense).

Further, "entertaining [this] new argument after a full and substantial round of briefing," *Evanston Ins. Co. v. Cogswell Properties, LLC*, 683 F.3d 684, 692 (6th Cir. 2012), would prejudice Scott. He would be required to respond to an entirely new argument that was not brought to the attention of the Court in a timely fashion.

Also, in responding to Scott's argument, the Government urged the Court to use the same reasonable doubt standard it now rebuffs: the Government argued, "[a]n error is harmless if it appears beyond a reasonable doubt that it did not contribute to the

verdict."

The Government now says the correct standard is whether it is "more probable than not," and argues that the Sixth Circuit erroneously applied the wrong standard, thereby causing the Government to argue the wrong law, and this Court to apply the law incorrectly. This argument, too, could have been raised in response to Scott's Motion to Adjourn Motion for New Trial. It was not, and is waived.

Finally, the *Freeman* Court's authority, which the Government urges the Court not to follow, is consistent with the Sixth Circuit. *See e.g., United States v. Lopez-Medina*, 461 F.3d 724, 741 (6th Cir. 2006)("Even when the district court has abused its discretion in admitting evidence, we do not reverse a conviction if the error is harmless, meaning that 'it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.'")(quoting *United States v. Baldwin*, 418 F.3d 575, 579 (6th Cir. 2005)(quoting *Mitchell v. Esparza*, 540 U.S. 12, 17-18, 124 S. Ct. 7, 157 L. Ed. 2d 263 (2003)); see also *United States v. Fast,* 375 Fed. Appx. 573 (6th Cir. 2010)(same)*; United States v. Anderson*, 467 Fed. Appx. 474, 480 (6th Cir. Mich. 2012)(same).

Even if the "reasonable doubt" standard was incorrect, the Government would not prevail; the Court finds it is more probable than not that the error materially affected the verdict and would entitle Scott to a new trial for the same reasons described in the Court's Order of October 28, 2013.

No palpable defect misled this court. The Government's motion for reconsideration is **DENIED.**

**IT IS ORDERED.**

/s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: December 13, 2013

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 13, 2013.

S/Linda Vertriest
Deputy Clerk