UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      CASE NUMBER: 06-20185
                                                HON. VICTORIA A. ROBERTS

v.

D-2 MARCUS LAMONT FREEMAN
D-6 CHRISTOPHER BRANDON SCOTT,

        Defendants.
_____/

**ORDER DENYING DEFENDANTS' JOINT MOTION FOR *IN CAMERA* INSPECTION OF PRESENTENCE INVESTIGATION REPORT OF MICHAEL ELDEN BRACEY (DOC. # 818)**

**I.    INTRODUCTION AND BACKGROUND**

On March 16, 2015, Defendants Marcus Freeman ("Freeman") and Christopher Scott ("Scott") filed a joint motion for in-camera inspection of the presentence investigation report of Co-Defendant Michael Bracey ("Bracey").

Freeman and Scott are charged in a second superceding indictment with Conspiracy to Use Interstate Commerce Facilities in the Commission of a Murder for Hire in violation of 18 U.S.C. § 1958. Freeman is separately charged with Obstruction of Justice by Retaliating Against a Witness under 18 U.S.C. § 1513(b)(1). Co-Defendant Bracey pled guilty to Conspiracy to Use Interstate Commerce Facilities in the Commission of a Murder for Hire in violation of 18 U.S.C. § 1958. He is serving a prison sentence of 20 years.

1

Freeman and Scott seek this *in camera* inspection to determine if any portion of Bracey's presentence report contains exculpatory or impeachment information. Bracey and the Government object; they say Freeman and Scott fail to demonstrate a compelling need for the information contained in Bracey's presentence report.

The Motion is **DENIED**.

## II.   DISCUSSION

Presentence reports are prepared by the probation department for the court's use in the sentencing process. They contain confidential and personal information about the defendant. *United States v. Ruibal*, No. 1:12 CR 132, 2014 WL 320204, at *1 (W.D. Mich. Jan. 29, 2014). Courts are reluctant to give third parties access to the presentence reports due to the need to protect the confidentiality of the reports, and out of fear that disclosure of the reports "will have a chilling effect on the willingness of individuals to contribute information." *U.S. Dep't of Justice v. Julian*, 486 U.S. 1, 12 (1988).

Under *Brady v. Maryland*, 373 U.S. 83 (1963), a prosecutor must reveal evidence that is both favorable to the accused and material to guilt or punishment. *Owens v. Guida*, 549 F.3d 399, 415 (6th Cir. 2008). In *United States v. Sherlin*, 67 F.3d 1208, 1218 (6th Cir. 1995), the Sixth Circuit ruled on whether presentence reports are materials that must be disclosed upon request to a criminal defendant under *Brady*. It stated:

> Neither *Brady* nor the Federal Rules of Criminal Procedure mandate that a trial court produce a copy of a presentence report concerning a government witness, prepared for the court, to the defense upon request. Nor do they require a

2

> trial court to review such a report in camera for potential *Brady* material.

Thus, a court is not required to provide the report or conduct an *in camera* review. However, upon a showing of a special need and a good faith belief that a co-defendant's presentence report contains exculpatory evidence not available elsewhere, courts will allow a third party to obtain a copy of the report. *U.S. Dep't of Justice v. Julian*, 486 U.S. 1, 12 (1988); *United States v. Molina*, 356 F.3d 269, 275 (2d Cir. 2004). See also, *United States v. McKnight*, 771 F.2d 388, 390 (8th Cir.1985) ("[P]resentence reports are not public and should not be disclosed to third persons absent a demonstration that disclosure is required to meet the ends of justice.").

"As a prerequisite to an *in camera* review, an accused must plainly articulate how the information contained in the [presentence report] will be both material and favorable to his defense." *United States v. Trevino*, 89 F.3d 187, 192-93 (4th Cir. 1996). The defendant cannot make vague or conclusory statements about the importance of a third party's presentence report. Abstract arguments about how the presentence report will affect cross-examination or the presentation of other evidence is considered to fall short of the "particularity required to demonstrate a compelling need." *Molina*, 356 F.3d at 275. Thus, to prevent defendants from using access to a third party's presentence report as a "fishing expedition every time a codefendant pleads guilty," the defendant must give a specific explanation of what exculpatory evidence the report will contain. *United States v. Allen*, 716 F.3d 98, 105 (4th Cir. 2013).

Freeman and Scott fail to demonstrate a compelling need for Bracey's presentence report. They make vague arguments that, in general, a presentence report

3

may contain exculpatory or impeachment materials, but they fail to particularize why they believe Bracey's presentence report might contain information that could be useful for exculpatory or impeachment purposes. Instead, they note:

> Defendants routinely make statements regarding the offense that are included in the [presentence report] [which] cover matters that the defendant will testify to at trial. The [presentence report] also will contain statements about the defendant's substance abuse during the time of the alleged offense. Finally, the [presentence report] contains a comprehensive criminal history (well-beyond any lien check offered up by the government).

(Doc. # 818 pg. 8). Between them, defense counsel have seen hundreds of presentence reports and are able to speak generally about what they contain. That is all they have done here: speak generally. This falls short of the required showing of a compelling or particularized need. Additionally, despite their contention, information regarding Bracey's criminal history is a matter of public record and thus obtainable elsewhere. Since Defendants have not made the requisite showing, the Court will not undertake an *in camera* review of the Bracey's presentence report.

### III.   CONCLUSION

Defendants Joint Motion for *In Camera* Inspection of Presentence Investigation Report of Michael Elden Bracey (Doc. # 818) is **DENIED**.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: April 20, 2015

4

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on April 20, 2015.

S/Carol A. Pinegar
Deputy Clerk