UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 06-20185-6
Honorable Victoria A. Roberts

CHRISTOPHER BRANDON SCOTT,

Defendant.
________________________________/

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE [ECF No. 947]**

## I. INTRODUCTION

This matter is before the Court on Christopher Brandon Scott's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). He asks the Court to grant him a compassionate release because his medical conditions make him particularly vulnerable to the COVID-19 pandemic.

Because Scott failed to properly exhaust the administrative process with the Bureau of Prisons ("BOP"), the Court **DISMISSES** his motion without prejudice. [ECF No. 947].

## II. BACKGROUND

In December 2016, Scott pled guilty to killing a person while engaged in an offense punishable under section 924 (c) in violation of 18 U.S.C. §

924(j). In exchange for compensation, Scott and other co-conspirators spent over a month hunting for Leonard Day intending to kill him. On December 20, 2005, Scott and another co-conspirator found and murdered Day, shooting him multiple times while he was sitting in a vehicle outside his friend's home.

Scott accepted responsibility for the crime. His guideline range was 235-293 months, but the parties stipulated to a 180 month sentence. In December 2016, the Court sentenced Scott to a term of 180 months in prison and three years of supervised release. Scott has served 153 months of his sentence. His projected release date is June 7, 2023.

Scott is 40 years old with underlying medical conditions. He is obese and had two heart attacks before going to prison. He is serving his sentence at the United States Penitentiary in Atlanta, Georgia ("USP Atlanta").

Scott has some history of disciplinary incidents: May 8, 2020 for possessing a hazardous tool; March 1, 2019 for refusing a work assignment; April 5, 2016 for possession of a non-hazardous tool; March 26, 2014 for fighting with another person; and September 27, 2011 and May 1, 2011 for refusing to obey orders. He has participated in a total of 388 hours of educational and vocational training. Under "PATTERN" – a prisoner risk

assessment tool used by the BOP – Scott presents a "high" risk for recidivism.

Scott filed a motion for compassionate release on July 3, 2020. The government opposes his release.

## III. DISCUSSION

The compassionate release statute allows the Court to modify a defendant's term of imprisonment if: (1) he fully exhausts all administrative remedies; (2) he shows both "extraordinary and compelling reasons warrant such a reduction [or release]" and that the reduction or release is consistent with" the Sentencing Commission's policy statements; (3) he is not a danger to any other person or the community; and (4) the factors in 18 U.S.C. § 3553(a) support the reduction or release to the extent they are applicable. *See* 18 U.S.C. § 3582(c)(1)(A)(i); United States Sentencing Guidelines Manual ("USSG") § 1B1.13 cmt. n.1; *United States v. Austin*, No. 15-20609, 2020 WL 2507622, at *1 (E.D. Mich. May 15, 2020).

### A. Scott Did Not Exhaust Administrative Remedies

The Sixth Circuit recently held that exhaustion of administrative remedies is a "mandatory condition" before a defendant can file a motion for compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). The Sixth Circuit found "[t]he seriousness of COVID-19 and its spread

in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk." *Id*. at 835-36. Before a prisoner may move for compassionate relief, he must either (1) fully exhaust all administrative rights to appeal a failure of the BOP to bring a motion on his behalf or (2) wait thirty days after the receipt of such a request by the warden of his facility. *Id.* at 832.

Scott claims he submitted a written request for compassionate release to the warden of USP Atlanta on May 14, 2020. The government denies that Scott meets the mandatory exhaustion requirement. It says, "[a]ccording to the BOP, Scott has not requested compassionate relief from the BOP." Neither Scott nor the government provides any evidence of whether, or on what date, Scott requested compassionate relief.

Supervising Probation Officer Charmarie Green – based on her research – reports that Scott requested compassionate release from the BOP on June 17, 2020. But Scott fails to exhaust administrative appeals because he waited only sixteen days after making his request to the BOP to file his motion in federal court, not the required thirty days.

Scott does not satisfy the exhaustion requirement.

**IV. CONCLUSION**

The Court **DISMISSES** Scott's motion for compassionate release without prejudice.

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: September 21, 2020